Argued March 19, affirmed May 3, 1976

FREED, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Appellant.*
(No. 420-485, CA 5689)
548 P2d 1321

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*R. Ladd Lonnquist,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The issue in this workmen's compensation case is the extent of claimant's compensable disability. The initial determination order fixed the award at 50 per cent or 160 degrees unscheduled disability. Claimant requested a hearing and the referee awarded 65 per cent or 208 degrees. The Workmen's Compensation Board affirmed and claimant appealed to the circuit court which ruled claimant was permanently and totally disabled. State Accident Insurance Fund (SAIF) appeals to this court. Our review is de novo. ORS 656.301.

Claimant injured his back while installing furnace ducts in the course of his employment at Bell Heating, Inc., in Portland, on May 1, 1973. He worked the remainder of that day but has not worked since. The medical evidence is that he suffered an acute lumbar strain.

Claimant's overall ability to work is affected by a long-standing lung condition which apparently has its origin in a childhood case of pneumonia. This was aggravated over the years by work in hard rock quarries, bakeries, and by some work involving the use of buffing machinery. Claimant has filed no previous claim for compensation for this lung condition, but it did cause him to terminate his job as a laborer with the City of Portland in 1970. He quit upon the advice of his doctor after working for the city for 20 years.

First of all, it is our conclusion that claimant is physically unable to work at a gainful and suitable employment. Dr. Daniel A. Halferty, medical examiner for the Workmen's Compensation Board, stated in his report of June 18, 1974:

> "I do not believe that this man could return to productive employment though this is a combination of his breathing difficulties as well as his low back disability. * * *"

The real question then is whether SAIF is respons-

ible for the disabling effects of claimant's lung condition.

It is claimant's contention that his lung condition is a pre-existing disability within the meaning of ORS 656.206(1), and that the combination of it and the injury to his back renders him permanently and totally disabled. He argues that under the rule that an employer takes his employe as he finds him, SAIF is responsible for claimant's entire disability, resulting from the cumulative effect of his lung and back conditions. *Keefer v. State Ind. Acc. Commission,* 171 Or 405, 135 P2d 806 (1943); *Fagaly v. State Acc. Ins. Fund,* 3 Or App 270, 471 P2d 441, Sup Ct *review denied* (1970), *overruled on other grounds Anderson v. S.A.I.F.,* 5 Or App 580, 485 P2d 1236 (1971).

SAIF argues that claimant's lung condition worsened after, but not because of, the back injury and that it is therefore not a pre-existing disability and that SAIF is not responsible for any disability resulting from it.

Assuming SAIF's argument to be legally correct, the evidence preponderates that claimant's lung condition has not worsened since the injury to his back.

As noted, claimant's lung condition is longstanding, having its origin in a childhood illness. Claimant underwent testing at the Chest Clinic at the University of Oregon Medical School in 1953 which resulted in a diagnosis of pulmonary fibrosis. In 1970 Dr. Davies of Portland concluded that claimant had silicosis and advised him to leave the Portland area because of its pollution. Dr. Davies was of the opinion that claimant's lung condition was partially disabling as of that time.

Dr. Peterson, an internist to whom claimant was referred for lung examination, stated in his report of October 29, 1973:

"* * * [The medical history] established that he had been a hard rock miner ending in 1938 for about 22

months, a baker in 1938-39, also 1946-47, also 1932-35. He also had done some buffing and polishing for a year and a half, possibly using emory dust. Their conclusion [that of the Chest Clinic at the University of Oregon Medical School], and it was my conclusion after the work history was more carefully obtained, was that this was a *long-standing form of pneumoconiosis,* secondary to dust inhalation of some type, and *probably stable."* (Emphasis supplied.)

From the above and the rest of the evidence, we conclude that claimant's lung condition is a pre-existing disability within the meaning of ORS 656.206(1), is stable and has not worsened since his back injury. The circuit court was therefore correct in awarding claimant permanent and total disability.

Affirmed.